# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERRY ELKINS, | ) |
|         Movant, | ) |
| v. | )   No. 4:20-CV-1653-SEP |
| UNITED STATES OF AMERICA, | ) |
|         Respondent. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Doc. [1]. The motion is successive and will be denied and dismissed.

On December 7, 2012, Movant was convicted by a jury of racketeering conspiracy and one count of conspiracy to commit murder in aid of racketeering activity. Jury Verdict, *United States v. Elkins*, No. 4:11-CR-246-SEP-12 (E.D. Mo. Dec. 7, 2012), Doc. [1233].[2] Movant was sentenced to 210 months' imprisonment on each count, with all terms to run concurrently. Judgment, No. 4:11-CR-246-SEP-12 (E.D. Mo. Apr. 16, 2013), Doc. [1491]. On September 10, 2014, the Eighth Circuit Court of Appeals affirmed the judgment of the District Court. *United States v. Henley*, 766 F.3d 893 (8th Cir. 2014) (affirming the judgment of various defendants, including Elkins). Movant petitioned the United States Supreme Court for certiorari, which was denied on May 4, 2015. *Henley v. United States*, 135 S. Ct. 2065 (2015).

On May 6, 2016, Movant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, *see Elkins v. United States*, No. 4:16-CV-645-SEP (E.D. Mo. May 6, 2016), Doc.

---

[1] Although captioned as a motion brought pursuant to 28 U.S.C. § 2241, Movant may not circumvent the Antiterrorism and Effective Death Penalty Act's second or successive petition requirements by simply labeling the motion as something other than what it is. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). In this instance, the relief Movant seeks is available only through a § 2255 motion. *See* 28 U.S.C. § 2255(a).

[2] Judge Catherine D. Perry presided over Movant's criminal trial. On December 3, 2020, Judge Perry recused herself from all cases involving Movant, and the Clerk of Court randomly reassigned Movant's cases to the undersigned.

[1], which motion was denied by the Honorable Catherine D. Perry, *id.*, 2019 WL 1709093 (E.D. Mo. Apr. 9, 2018).  Movant appealed the denial of his § 2255 motion, and the Eighth Circuit affirmed the denial.  *Elkins v. United States*, No. 18-2122, 2018 WL 6165232 (8th Cir. Sept. 18, 2018).  Movant sought to file a successive habeas petition.  The Eighth Circuit denied Movant's application to file a successive habeas petition in a judgment dated March 12, 2019, and supplemented this judgment on May 14, 2020.  *See* Judgment from USCA, 4:16-CV-645-SEP (E.D. Mo. Mar. 12, 2019), Doc. [35] (judgment No. 18-3672 denying successive § 2255 motion); USCA Judgment, 4:16-CV-645-SEP (E.D. Mo. May 14, 2020), Doc. [39] (supplemental judgment No. 19-3422 denying successive § 2255 motion).

Movant filed the instant motion to vacate on November 23, 2020.  He alleges: (1) the jury instructions were defective because they constructively amended the indictment, and, therefore, he was convicted of a crime not charged in the indictment; (2) his conviction for violent crime in aid of racketeering was unconstitutionally vague; and (3) an undisclosed conflict of interest existed between an attorney for a codefendant and a defense witness.

Under 28 U.S.C. § 2244(a) and § 2255(h), district courts may not entertain a second or successive motion to vacate unless it has first been certified by the court of appeals.  The instant motion to vacate has not been certified by the Court of Appeals for the Eighth Circuit.  Therefore, the Court may not grant the requested relief and this action must be denied and dismissed. Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion to vacate, set aside or correct sentence (Doc. [1]) is **DENIED AND DISMISSED as successive**.

**IT IS FUTHER ORDERED** that Movant's Motion to Appoint Counsel and motion for an evidentiary hearing (Doc. [2]) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Movant's "request [for] the recusal of Judge Perry and AUSA Wissler" (Doc. [2]) is **DENIED as moot**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue.

Dated this 21st day of December, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE