## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JERRY ELKINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-01653-SEP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court are the following motions filed by Movant Jerry Elkins:  (1) motion to request this honorable court to provide clarity pertaining to jurisdiction and provide a prompt response; (2) motion to submit this document as Rule 60(b)(1)(2)(3)(4)(6) and Rule 60(d)(1)(3); and (3) "motions to respectfully request an expedited and emergency hearing on my recently filed Rule 60(b), 60(d) independent action pending motion" and "to respectfully request independent action motion to be transferred to appeals court in the event of a ruling of no subject matter jurisdiction." Docs. [17], [21], [22].   For the following reasons, the motions will be denied.

### I.     Motion to Request this Honorable Court to Provide Clarity Pertaining to Jurisdiction and Provide a Prompt Response

In his first motion, Movant asks the Court to explain to him its subject matter jurisdiction over his underlying criminal action *United States v. Jerry Elkins*, 4:11-cr-00246-SEP (E.D. Mo. 2011).[1] Doc. [17] at 1.   Although phrased as a motion seeking clarity from the Court, the motion attacks the Court's jurisdiction over his criminal case and seeks to vacate Movant's conviction.  *Id.* at 3-4, 8-9. Under 28 U.S.C. §§ 2244(a) and 2255(h), the district courts may not consider a second or successive motion to vacate unless it has first been certified by the appropriate court of appeals.  *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."); *see* 28 U.S.C. § 2244(a)(3)(A).   Here, Movant has not received such certification; therefore, his motion must be denied.

---

[1] For background information regarding Movant's criminal case, *United States v. Elkins*, 4:11-cr-246-SEP-12 (E.D. Mo. 2011); his first habeas case, *Elkins v. United States*, 4:16-cr-645-SEP (E.D. Mo. 2016); his second habeas case, *Elkins v. United States*, 4:20-cr-1653 (E.D. Mo. 2020); and the interrelation among the three, see the Court's Memorandum and Order dated April 16, 2021, Doc. [16].

## II.     Motion to Submit this Document as Rule 60(b)(1)(2)(3)(4)(6) and Rule 60(d)(1)(3)

Movant attempts to bring his second motion under Federal Rules of Civil Procedure 60(b) and 60(d).  Doc. [21].   Rule 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**   On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > **(1)** mistake, inadvertence, surprise, or excusable neglect;
> >
> > **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > **(4)** the judgment is void;
> >
> > **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > **(6)** any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  "Rule 60(b) provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'"  *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

Movant's second motion fails on several grounds.  First, it is untimely, as it was filed more than eight years after Movant's criminal conviction and sentence.   To the extent he seeks relief under any reason articulated in Rule 60(b), he has not filed the motion within a "reasonable time," as required.  Fed. R. Civ. P. 60(c)(1).  The basis for his argument was set forth in his criminal indictment as early as June 9, 2011, and Movant makes no attempt to explain why he could not have discovered it sooner.

Rule 60(d) provides:

> **(d) Other Powers to Grant Relief.**   This rule does not limit a court's power to:
>
> > **(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;
> >
> > **(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
> >
> > **(3)** set aside a judgment for fraud on the court.

2

Rule 60(d)(3) functions as a savings clause to Rule 60(b)(3) by allowing a court to "set aside a judgment for fraud on the court" without the one-year time bar.   *See Williams v. Dormire*, 2010 WL 3270111, at *2 (E.D. Mo. Aug. 17, 2010).   "Under this rule, fraud is narrowly defined as 'fraud directed to the judicial machinery itself,' and is not fraud between the parties or fraudulent documents, false statements, or perjury."   *Thompson v. Mo. Bd. of Parole*, 2019 WL 12070293, at *1 (E.D. Mo. Nov. 7, 2019) (quoting *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010)).   "Only the most egregious misconduct, such as bribery of a judge or jury or fabrication of evidence by counsel, will constitute a fraud on the court."   *Id.* (citing *Landscape Props., Inc. v. Vogel*, 46 F.3d 1416, 1422 (8th Cir. 1995); *Johnson v. United States*, 2011 WL 940841, at *1 (E.D. Mo. Mar. 16, 2011)).

Movant has not alleged any fraud upon the Court that would entitle him to equitable relief under Rule 60(d).   His allegations of fraud on the Court are as follows:   (1) the Court did not have subject matter jurisdiction over his criminal case because the superseding indictment did not properly allege an element of the crime, namely that the racketeering activity affected interstate commerce; (2) the Court's jury instructions were insufficient because the jury was not required to find an element of the crime, namely that the racketeering activity affected interstate commerce; and (3) that the Government engaged in fraud on the Court by having *ex parte* meetings with the Marshal Service and the Court concerning security and logistical arrangements for the in-custody defendants at the trial. *See* Doc. [21] at 5-8, 13-15, 15-17, 18-19.   None of those allegations meets the narrow definition of fraud on the Court.

Additionally, as relief, Movant asks the Court to vacate his conviction, making the motion yet another successive § 2255 motion.   Movant must receive permission from the United States Court of Appeals for the Eighth Circuit before he may seek to vacate his conviction in this Court.   *See* 28 U.S.C. § 2255(h).   Therefore, his motion under Rules 60(b) and 60(d) fails.

**III.**   **Motion to Respectfully Request an Expedited and Emergency Hearing on My Recently Filed Rule 60(b), 60(d) Independent Action Pending Motion and to Respectfully Request Independent Action Motion to Be Transferred to Appeals Court in the Event of a Ruling of No Subject Matter Jurisdiction**

Movant's third motion seeks an emergency hearing on his Rule 60(b) and (d) motion and requests a transfer to the Eighth Circuit Court of Appeals in the event of a ruling of no subject matter jurisdiction.   Because the Court denies Movant's Rule 60(b) and (d) motion and makes no ruling regarding subject matter jurisdiction, Movant's motion seeking a hearing and transfer is moot.

Accordingly,

3

**IT IS HEREBY ORDERED** that Movant's Motion to Request the Court to Provide Clarity Pertaining to Jurisdiction and Provide Prompt Response, Doc. [17], is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Submit this Document as a Rule 60(b)(1)(2)(3)(4)(6) and Rule (6)(d)(1)(3), Doc. [21], is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Respectfully Request an Expedited and Emergency Hearing on My Recently Filed Rule 60(b), 60(d) Independent Action Pending Motion and to Respectfully Request Independent Action Motion to be Transferred to Appeals Court in Event of a Ruling of No Subject Matter Jurisdiction, Doc. [22], is **DENIED as moot**.

Dated this 2nd day of June, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4