**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JERRY ELKINS, | ) |
| Petitioner, | ) |
| | ) Case No. 4:20-cv-01653-SEP |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This closed habeas case is before the Court on Petitioner's June 17, 2022, Motion.  Doc. [27].  For the reasons set forth below, the motion is denied.

**FACTUAL BACKGROUND**

This is Petitioner's second habeas case.  In his first case, the Eighth Circuit denied Petitioner's motion for authorization to file a successive habeas application.  Judgment, *Elkins v. United States*, No. 4:16-cv-645-SEP (E.D. Mo. April 22, 2020), Doc. [37].  Despite the Eighth Circuit's judgment, Petitioner filed a motion seeking relief from his conviction on November 23, 2020.  *Elkins v. United States of America*, No. 4:20-cv-01653-SEP (E.D. Mo. Nov. 23, 2020), Doc. [1].  On December 21, 2020, the Court denied Petitioner's motion as second and successive.  Doc. [5] at 5.  The Eighth Circuit summarily affirmed that decision on June 9, 2021.  Doc. [18].

After the denial of Petitioner's second habeas petition, he filed a motion titled "Motion Requesting to Submit this Memo of Record to Correct the Fallacious Order Drafted by The Honorable Senior District Judge Catherine D. Perry."  Doc. [7].  The motion was granted to the extent Petitioner sought to correct clerical errors in the order dated December 3, 2020, and denied in all other respects.  Doc. [16]

Petitioner then filed a Motion to Request This Honorable Court to Provide Clarity Pertaining to Jurisdiction and Provide a Prompt Response.  Doc. [17].  The motion was denied on June 2, 2022.  Doc. [25]

On June 17, 2022, Petitioner filed the instant motion, which he has titled a "Petition (1) To Request of This Court Additional Time as To Respond To The Courts Memo & Order And To Put the Court on Notice of Movant's Plans to Appeal; [and] (2) Request of This Court to Provide CJA Counsel And Order An Evidentiary Hearing."  Doc. [27].

1

### DISCUSSION

The Court denied this second and successive habeas motion and closed this case on December 21, 2020.  Doc. [5].  Not only did the Court deny the motion, but it denied Petitioner's motions to appoint counsel and for an evidentiary hearing.  *Id.*  That ruling was affirmed by the Eighth Circuit Court of Appeals. Doc. [18].

Now Petitioner again is requesting counsel and requesting an evidentiary hearing in this closed matter on the basis that he presents "more than a colorable claim" and that the Court did not address "pertinent and essential facts."  Doc. [27] at 2.  District courts may not entertain a second or successive motion to vacate unless it has first been certified by the court of appeals.  *See* 28 U.S.C. §§ 2244(a); 2255(h).  The Eighth Circuit has not certified Petitioner's motion, and therefore the Court may not grant the requested relief.  Petitioner's claims have been denied and dismissed, and the Court will not appoint counsel or conduct any evidentiary hearing in this closed matter.

Finally, movant seeks additional time to appeal the June 2, 2022, Order.  Doc. [27] ¶ 1.  "When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"  Fed. R. Civ. P. 6(b)(1)(A).  Petitioner has provided no justification for an extension.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's June 17, 2022, Motion, Doc. [27], is **DENIED**.

Dated this 22nd day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE